United States District Court
Southern District of Texas
**ENTERED**
May 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID BRANDT, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-33 |
| § | |
| MEMORIAL HERMANN HEALTH § | |
| SYSTEM, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Dismiss filed by Defendant Memorial Hermann Health System. (Doc. No. 6.) Plaintiff David Brandt filed a response. (Doc. No. 10.) The time for filing a reply has elapsed without one being filed. The motion is thus ripe for adjudication. Having carefully considered the motion, response, and applicable law, the Court finds that the motion to dismiss should be denied.

### I. BACKGROUND

Plaintiff filed his initial collective action complaint on January 6, 2016. (Doc. No. 1.) The following facts are drawn from that complaint.

Plaintiff was employed by Defendant as a flight paramedic from November 2010 to November 2015. (Doc. No. 1 ¶ 2.1.) He worked on a three-person crew consisting of a pilot, nurse, and paramedic. (*Id.* ¶ 4.1.) He defines the putative class as current and former flight paramedics, nurses, and pilots employed by Defendant in the three years preceding the filing of his complaint. (*Id.* ¶ 2.2.)

At all material times, Plaintiff and the other crew members were stationed at an airport in Baytown, Texas. They worked 12-hour shifts. (*Id.* ¶ 4.2.) They were on standby until dispatched.

During their shifts, including while on standby, the crew members were not permitted to leave the facility. (*Id.* ¶ 4.3.)

Plaintiff and the putative class members "were required to deduct a thirty-minute lunch break from each shift" by manually clocking out on Defendant's time-keeping system. (*Id.* ¶ 4.4.) Lunch breaks were designated as 11:00 AM to 11:30 AM or 11:30 AM to 12:00 PM. However, if a dispatch were received while Plaintiff was clocked out on his lunch break, Plaintiff was required to respond. (*Id.* ¶ 4.4.) Plaintiff "was expressly prohibited from leaving the facility during his mandated lunch breaks." (*Id.* ¶ 4.6.)

Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff says that Defendant (1) did not compensate Plaintiff and the putative class members for their lunch periods, and (2) did not pay overtime compensation for their work in excess of forty hours per work week. (*Id.* ¶ 4.11.)

Defendant's motion to dismiss contends that Plaintiff's complaint does not contain sufficient factual allegations to state a claim for relief. Defendant argues that Plaintiff's complaint relies on conclusory allegations, does not identify how many 12-hour shifts he worked in a given week, and does not specify which particular weeks he worked more than forty hours. Defendant further maintains that Plaintiff's allegations about his uncompensated lunch break are similar to those allegations found to be insufficient to state a claim in *Hernandez v. Praxair Distribution, Inc.*, No. 4:14-CV-1915, 2015 WL 5608233 (S.D. Tex. Sept. 23, 2015) (Harmon, J.).

Plaintiff responds that his complaint has sufficient factual allegations. Moreover, Plaintiff explains how his allegations are more specific than those in *Hernandez.* Alternatively, Plaintiff seeks leave to file an amended complaint.

## II.     LEGAL STANDARDS

A court may dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 605 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft*, 556 U.S. at 678).

## III.    ANALYSIS

Regarding the claim related to the allegedly uncompensated lunch period, the Court agrees with Plaintiff that his complaint contains adequate allegations. Plaintiff alleges that he was required to respond to dispatches even when he was clocked out on his lunch break. In addition, he alleges that he was not allowed to leave the airport during his lunch break. Plaintiff further alleges that his thirty-minute lunch break was deducted from each shift he worked. The Court finds that these allegations permit an inference that Defendant violated FLSA. *See Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 265 (5th Cir. 1998) (upholding a jury verdict awarding maintenance workers damages for FLSA violations when there was evidence that the maintenance workers "were required to wear their radios and tools during lunch," "could not

leave the premises during their breaks," and often had their lunches "interrupted by maintenance problems requiring the workers' immediate attention").

Turning to the overtime compensation claim, the Court again agrees with Plaintiff. Although Plaintiff does not specify how many 12-hour shifts per week he worked, he alleges that he "routinely worked hours in excess of 40 hours per week" and was not paid overtime compensation for those excess hours. (Doc. No. 1 ¶¶ 5.5–5.6.) Those facts, taken as true, are sufficient to state a claim. *See Murphy v. Multi-Shot, LLC*, No. 4:14-CV-1464, 2014 WL 4471538, at *2 (S.D. Tex. Sept. 10, 2014) (finding similar allegations sufficient and collecting cases).

Accordingly, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 11th day of May, 2016.

_____
THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE